IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTONIO GATHERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-103 |
| | ) | |
| DARRIN MYERS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254. Petitioner originally filed his petition in the Middle District of Georgia, and United States District Judge Leslie A. Gardner transferred the case to this District because Petitioner seeks to challenge his conviction in the Superior Court of Richmond County, Georgia. (See doc. no. 7.) Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to hold the case in abeyance be **DENIED**, (doc. no. 11), the petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

**I.    BACKGROUND**

After a jury trial in Richmond County, a jury convicted Petitioner of one count child molestation and acquitted him of one count of aggravated child molestation and one count of child molestation. (Doc. no. 6, p. 1 (citing State v. Gathers, 2015-RCCR-718); see also Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search

for "Gathers, Antonio," open 2015RCCR00481, last visited July 27, 2021); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).  On May 19, 2016, the trial court sentenced Petitioner to twenty years in prison, and on January 18, 2019, Petitioner was re-sentenced to nineteen years of confinement and one year of probation. (Doc. no. 6, p. 2;  State v. Gathers, 2015-RCCR-00718).  The trial court denied the motion for new trial, and Petitioner filed a direct appeal to the Georgia Court of Appeals.  (Doc. no. 6, p. 2 (citing Gathers v. State, A20A0097).)

In his direct appeal, Petitioner unsuccessfully challenged the sufficiency of the evidence supporting his conviction and contended the trial court erred in admitting hearsay testimony, improperly commenting on the evidence in its instructions to the jury, and sentencing Petitioner as a recidivist without submitting evidence of his prior convictions to the jury.  See Gathers v. State, A20A0097, *slip op.* at 1 (Ga. Ct. App. June 16, 2020), available at https://www.gaappeals.us/docket (select "Search Docket"; then search for "Antonio Gathers," open A20A0097, click View Opinion/Order, last visited July 27, 2021). The Georgia Supreme Court denied Petitioner's application for certiorari, and the remittitur issued on March 16, 2021.  (Doc. no. 6, p. 3 (citing Gathers v. State, S20C1467)); see also Gathers v. State, S20C1467 (Ga. Mar. 1, 2021), available at https://www.gasupreme.us (select "Docket"; then search case number S20C1467, last visited July 27, 2021); Gathers v. State, A20A0097, Supreme Court Information, doc. entry Mar. 16, 2021; State v. Gathers, 2015-RCCR-00718, doc. entry Mar. 19, 2021.

Petitioner did not seek state habeas corpus relief but moved directly to filing the instant federal habeas corpus petition, in which he argues the trial court erred in imposing a harsher sentence at the re-sentencing proceedings and he received ineffective assistance of trial counsel for various reasons. (Doc. no. 6, pp. 7-9.) Petitioner concedes he has not yet filed a state habeas petition but asks the Court to hold his federal petition in abeyance until he exhausts all state remedies. (Id. at 8; doc. no. 11.)

## II.   DISCUSSION

### A.   The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson

v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005).  However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Id. at 277.  As explained

4

in detail below, Petitioner has not established good cause for failing to exhaust all of his claims presented, and the stay and abeyance procedure should not be applied.

### B. Petitioner Failed to Exhaust State Remedies

Here, Petitioner concedes he has not filed a state habeas corpus petition but explains because he has four years to file a state habeas petition and only one year to file a federal petition, he decided to file his federal petition first and ask that it be held in abeyance until his state proceedings are concluded. (Doc. no. 6, p. 8; doc. no. 11.) Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972). [1]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be

---

[1] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

Specific to Petitioner's claims, Georgia case law is clear that, subject to various state procedural requirements, the state courts are available for Petitioner to raise claims concerning ineffective assistance of counsel. See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).[2] Nothing in the record suggests Petitioner would be prevented from pursuing relief on his ineffective assistance of counsel claims or a properly fashioned sentencing claim in the state habeas courts, and such exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.

In sum, Petitioner concedes he has not yet filed his state habeas petition, and therefore his claims are not properly before this Court.

### C. Application of the Stay and Abeyance Procedure Is Not Appropriate

Although Petitioner concedes he has not exhausted all of his federal habeas corpus claims, he has not demonstrated that application of the stay and abeyance procedure is appropriate. See Rhines, 544 U.S. at 275-79. The requirements of Rhines may be summarized as follows: "A district court should grant a stay and abeyance if (1) the petitioner had 'good

---

[2] As discussed in Part II(C), infra, it is not entirely clear Petitioner's federal sentencing claim was exhausted on direct appeal. Even if it was not exhausted, subject to certain conditions, sentencing errors may be raised in state habeas proceedings. See Jackson v. Crickman, -S.E.2d-, No. S21A0286, 2021 WL 2518615, at *3 (Ga. June 21, 2021).

cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting Rhines, 544 U.S. at 277-78); Isaac v. Augusta SMP Warden, 470 F. App'x 816, 819 (11th Cir. 2012) (*per curiam*) (recognizing three requirements from Rhines as appropriate for consideration of applicability of stay and abeyance procedure).

However, the stay and abeyance procedure should only be used in limited circumstances because it has the potential to (1) frustrate "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) undermine "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277.  If the district court determines a stay and abeyance is not appropriate, it should "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims *if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief*." Id. at 278 (emphasis added).

To begin, it is not entirely clear Petitioner has filed a mixed petition.  Although Petitioner did challenge his sentence on direct appeal, Gathers v. State, A20A0097, *slip op.* at 12-15, at this early stage of the case, the Court cannot determine with certainty he raised the same alleged sentencing error raised in his federal petition.  Even if Petitioner has filed a mixed petition, he has not demonstrated good cause under the first prong of Rhines for failing

to exhaust his ineffective assistance claims in state court. As explained above, the state habeas courts are clearly an available forum for Petitioner to pursue such claims. See Henderson, 697 S.E.2d at 801. Similarly, ineffective assistance of counsel may serve as cause for failure to raise any other unexhausted claim Petitioner may have. See Ford v. Tate, 835 S.E.2d 198, 229 (Ga. 2019). Petitioner offers no valid explanation why he did not raise these claims in a state habeas petition prior to filing in federal court, but rather, he appears to misunderstand the operation of the state versus federal statutes of limitation for habeas corpus relief.

Petitioner accurately states there is a four-year statute of limitations in Georgia for seeking state habeas relief, see O.C.G.A. § 9-14-42(c), and there is a one-year statute of limitations for federal habeas corpus relief, see, 28 U.S.C. § 2244(d)(1). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year, federal statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Thus, the four-year, state statute of limitations does not automatically preclude federal habeas corpus relief. Stated otherwise, Petitioner does not need an order from this Court holding his federal petition in abeyance while he pursues state habeas relief because a properly filed state petition filed prior to the expiration of the one-year federal deadline tolls the time for filing a federal petition.[3] Notably, however, preemptively filing a federal petition does *not* toll the

---

[3] However, should Petitioner not file for any post-conviction relief or other collateral review within the meaning of § 2244(d)(2) prior to the expiration of AEDPA's one-year statute of limitations, a subsequent state court filing will not help Petitioner with his statute of limitations because no time period will remain to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

statute of limitations, as the Supreme Court has ruled federal habeas petitions do not constitute "other collateral review" within the meaning of § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 181 (2001). Thus, the pendency of current federal petition does not toll Petitioner's federal statute of limitations. See id.

As Petitioner has not shown good cause for failing to raise his unexhausted claims in state court, he cannot satisfy the three prongs set forth in Rhines, making application of the stay and abeyance procedure inappropriate in this case.[4] Moreover, even if the current federal filing is a mixed petition, dismissing it will not "unreasonably impair" Petitioner's right to obtain federal relief, as his direct appellate proceedings in the Georgia Supreme Court just concluded in March of 2021, meaning he is not in immediate danger of running afoul of AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d).

In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added). Nor has Petitioner argued, let alone shown, that dismissal of his entire petition would unreasonably impair his right to obtain federal relief such that deleting unexhausted claims and proceeding with the exhausted claims is necessary to protect his right to obtain federal relief. See Rhines, 544 U.S. at 278. Accordingly, because Petitioner has not exhausted all of the claims raised in this federal petition and may still raise claims in a properly filed state habeas corpus petition that may provide the relief sought or cause to excuse any otherwise procedurally defaulted claims, the motion to hold the case in abeyance should be

---

[4] Because Petitioner cannot meet the "good cause prong" of Rhines, the Court does not reach the "potentially meritorious" or "dilatory litigation tactics" prongs.

denied, (doc. no. 11), and the action should be dismissed without prejudice for failure to exhaust. See Reedman, 305 F. App'x at 546.

### D. The Petition Also Should Be Dismissed for Failure to Comply with Court's Order to Pay the Filing Fee

On July 1, 2021, the Court denied Petitioner's request to proceed *in forma pauperis* ("IFP") because he had $415.92 in his prison trust fund account and directed Petitioner to pay the $5.00 filing fee within twenty-one days. (See doc. no. 10.) Petitioner did not pay the filing fee, object to the order, submit a new IFP motion, or otherwise explain why he could not pay the $5.00. Therefore, in addition to the reasons related to exhaustion explained above, the case is subject to dismissal for failure to comply with the Court's July 1st Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.

10

1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action *sua sponte* for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, Petitioner's failure to pay the $5.00 filing fee or otherwise explain to the Court why he has not paid evidences non-compliance with a court order and amounts to a failure to prosecute.[5] This is precisely the type of neglect contemplated by the Local Rules. Thus, in addition to Petitioner's failure to exhaust state court remedies as described above, the case is subject to dismissal without prejudice for his failure to comply with the Court's July 1st Order.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to hold the case in abeyance be **DENIED**, (doc. no. 11), the petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of July, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] The Court is aware Petitioner submitted his motion to hold the case in abeyance after the Court's July 1st Order. (See doc. no. 11.) However, as explained above, the case does not qualify to be held in abeyance, and even if it did, that fact would not excuse compliance with the requirement for paying the $5.00 filing fee or otherwise satisfying the criteria for proceedings IFP.

11